Argued and submitted November 21, 1983, reversed and remanded February 8,
reconsideration denied March 16, petition for review denied May 15, 1984 (297 Or
124)

## STATE OF OREGON,
*Appellant,*

*v.*

## JAMES DEAN CANTWELL,
*Respondent.*

## STATE OF OREGON,
*Appellant,*

*v.*

## STEVEN MARK RICHERT,
*Respondent.*

(B64-751, B64-713; CA A28712)
(Cases consolidated)

676 P2d 353

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General.

Thomas L. Fagan, Staff Attorney, Eugene, argued the cause for respondents. With him on the brief was Robert J. Larson, Director, Public Defender Services of Lane County, Inc., Eugene.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

The court sustained defendants' demurrers to complaints charging them with disorderly conduct, ORS 166.025 (1)(a), on the ground that under Article 1, section 8, of the Oregon Constitution the underlying statute is unconstitutionally vague and overbroad in its entirety. The state appeals. We reverse and remand.

At the time ORS 166.025 (since *amended by* Or Laws 1983, ch 546, §5), provided:

"(1)   A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

"(a)   Engages in fighting or in violent, tumultuous or threatening behavior; or

"(b)   Makes unreasonable noise; or

"(c)   Uses abusive or obscene language, or makes an obscene gesture, in a public place; or

"(d)   Disturbs any lawful assembly of persons without lawful authority; or

"(e)   Obstructs vehicular or pedestrian traffic on a public way; or

"(f)   Congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse; or

"(g)   Initiates or circulates a report, knowing it to be false, concerning an alleged or impending fire, explosion, crime, catastrophe or other emergency; or

"(h)   Created a hazardous or physically offensive condition by any act which he is not licensed or privileged to do.

"(2)   Disorderly conduct is a Class B misdemeanor."

The charging instruments are in the language of subsection (1)(a); they allege that defendants "did unlawfully and recklessly create a risk of public inconvenience, annoyance and alarm by engaging in fighting, violent, tumultuous and threatening behavior." The question whether ORS 166.025(1)(a) is unconstitutional on its face is properly before us.

In support of the trial court's ruling, defendants present a three-pronged argument. For their first two points,

they rely primarily on the Supreme Court's decision in *State v. Robertson,* 293 Or 402, 649 P2d 569 (1982), which invalidated ORS 163.275, the coercion statute. They contend that, under *Robertson,* ORS 166.025 is unconstitutional in its entirety because one subsection has been held to violate Article 1, section 8, of the Oregon Constitution. They also contend that ORS 166.025(1)(a) is unconstitutionally overbroad in violation of Article 1, section 8, and that, under *Robertson,* it may not be judicially narrowed. As their third point, they contend that ORS 166.025(1)(a) is unconstitutionally vague. We examine each of the contentions in turn.

We begin with the observation that various parts of ORS 166.025 have been upheld against challenges of unconstitutional vagueness or overbreadth. *See State v. Marker,* 21 Or App 671, 536 P2d 1273 (1975) (ORS 166.025 (1)(b) not unconstitutionally vague or overbroad); *State v. Clark,* 39 Or App 63, 591 P2d 752, *rev den* 286 Or 303 (1979) (ORS 166.025 (1)(h) not unconstitutionally vague); *State v. Donahue,* 39 Or App 79, 591 P2d 394 (1979) (ORS 166.025 (1)(a) and (1)(c) not unconstitutionally vague, but ORS 166.025(1)(c) held unconstitutionally overbroad in *State v. Spencer,* 289 Or 225, 611 P2d 1147 (1980)); *see also State v. Horn,* 57 Or App 124, 643 P2d 1338 (1982) (acknowledging the defendants' concession that ORS 166.025 (1)(e) is not unconstitutionally vague or overbroad on its face). Only one section of the statute has been held unconstitutional. In *State v. Spencer, supra,* ORS 166.025(1)(c), which proscribed abusive or obscene language or obscene gestures, was struck down as violative of Article 1, section 8, on the basis that the language of paragraph (c) restrains protected speech. 289 Or at 230-31.

Defendants now contend that, because ORS 166.025 (1)(c) was invalidated under Article 1, section 8, the entire statute must fall. The essence of defendants' argument is that *State v. Robertson, supra,* mandates a new approach in judicial treatment of multi-part statutes which raise questions under that constitutional provision. In *Robertson,* only paragraph (e) of subsection (1) of the coercion statute, ORS 163.275, was challenged. The court, however, invalidated the entire statute, holding that it was overbroad and concluding that it could not be judicially narrowed to fit within constitutional boundaries. According to defendants, *Robertson* thereby created a new rule of constitutional analysis, *i.e.,* once any part of a statute is

found to violate Article 1, section 8, the entire statute is necessarily void. We disagree.

■■ Under ORS 174.040, if any part of a statute is held unconstitutional, the invalid part may be severed from the remaining parts unless the parts are inseparably related. We do not read *Robertson* to signal a rejection of that principle. *Robertson's* invalidation of the entire coercion statute did not rest solely upon the overbreadth of paragraph (e) of subsection (1) of the statute. As we read that case, the entire coercion statute was invalidated because constitutional infirmity existed in the demand element found in the opening clause of subsection (1), which was inseparable from the remainder of the statute. See *State v. Robertson, supra,* 293 Or at 435-36. Conversely, only paragraph (c) of subsection (1) of the disorderly conduct statute at issue here was found to violate Article 1, section 8, and that paragraph contains no common or inseparable element. *Robertson,* therefore, does not compel us to invalidate the entire statute.

■■ We next consider defendants' contention that ORS 166.025 (1)(a) is overbroad in violation of Article 1, section 8, and, if so, whether a saving construction is possible. A criminal law is overbroad if it purports to reach activities that are constitutionally protected. *State v. Robertson, supra,* 293 Or at 410. ORS 166.025(1)(a) makes it a crime to engage in "fighting or in violent, tumultuous or threatening behavior" with the intent to cause, or recklessly creating a risk of, public inconvenience, annoyance or alarm. Defendants argue that, under certain circumstances, "behavior" could include actual or symbolic constitutionally-protected speech. We do not read the statute to encompass speech in the term "behavior," but construe it to refer only to physical acts of violence. The subsection of ORS 166.025 relating to speech has already been stricken from the statute. *State v. Spencer, supra.* "[F]ighting" and "violent, tumultuous or threatening behavior" describe physical acts of aggression, not speech, and in prohibiting such physical acts ORS 166.025(1)(a) does not run afoul of Article I, section 8, of the Oregon Constitution.[1]

---

[1] Article 1, section 8, of the Oregon Constitution provides:

"No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

■ ■     We turn now to defendants' argument that ORS 166.025(1)(a) is unconstitutionally vague, because it fails to define and communicate its coverage. A criminal statute is sufficiently definite if persons of common intelligence can understand what is prohibited; it need not define an offense with such exactitude that a person could determine in advance whether specific conduct in all possible factual circumstances will be found to be an offense. *State v. Hodges,* 254 Or 21, 27, 457 P2d 491 (1969); *State v. Mills,* 52 Or App 777, 782 n3, 629 P2d 861, *rev den* 291 Or 662 (1981). In reviewing an assertion of vagueness, we have a duty to construe the statute to save its constitutionality, if possible. To achieve this end, it is proper to consider the legislative history to determine if the general words of the statute can be limited with reasonable fidelity to the legislature's intent. *State v. Robertson, supra,* 293 Or at 411; *State v. Mills, supra,* 52 Or App at 780.

■ ■     At the outset, we note that the requisite culpable mental state for disorderly conduct previously has been held not unconstitutionally vague, *see State v. Donahue, supra,* 39 Or App at 82-83, and we adhere to that holding here. *Cf. State v. Spencer, supra* (prohibition of obscene language and gestures made ORS 166.025(1)(c) constitutionally overbroad). Our decision, therefore, need only consider the action element of paragraph (a), and we conclude that that element, considered together with the *mens rea* element, is not unconstitutionally vague. The expressed intent of the legislature is to proscribe behavior amounting to a breach of the peace. *See* Commentary to Proposed Oregon Criminal Code 215 (1972). Recognizing that it would be impossible for the legislature to detail all the potential ways in which such breaches could be committed, we are satisfied that the statutory terminology, "fighting" or "violent, tumultuous or threatening behavior," sufficiently enables a person of common intelligence to know what is prohibited. We construe the terms "fighting," "violent," "tumultuous," and "threatening" to have their commonly understood referents to physical force. We hold that ORS 166.025(1)(a) makes unlawful only the use of physical force or physical conduct which is immediately likely to produce the use of such force and which is intended to create or recklessly creates a risk of public inconvenience, annoyance or alarm. As construed, ORS 166.025(1)(a) is not void for vagueness on its face.

ORS 166.025(1)(a) is constitutional and the demurrers were improperly sustained. Because these cases are before us as a result of rulings on demurrers, we do not reach the question of the constitutionality of the statute as applied. The orders of the trial court dismissing the complaints are reversed, and the cases are remanded for trial.

Reversed and remanded.