Argued and submitted January 29, affirmed April 8, reconsideration denied May 22, petition for review denied July 28, 1987 (303 Or 700)

# STATE OF OREGON,
*Respondent,*

*v.*

# BILLY WAYNE STONE,
*Appellant.*

(10-86-03367; CA A40635)

735 P2d 7

Lawrence J. Hall, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

David Schuman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for coercion. The conviction resulted from defendant's threats to injure his infant son, whom he was holding, if three police officers attempted to carry out their announced intention to arrest defendant. The officers had been summoned to defendant's residence because of a "family disturbance" in which defendant had allegedly assaulted his girlfriend. Because of defendant's demand and threats, the officers left the scene without making the arrest.

Defendant assigns error to the trial court's denial of his demurrer and his motion for acquittal, in which he contended that ORS 163.275(1)(a), the provision of the coercion statute under which he was charged, is overbroad and therefore violates Article I, section 8, of the Oregon Constitution. ORS 163.275(1)(a) provides:

"(1)   A person commits the crime of coercion when the person compels or induces another person to engage in conduct from which the other person has a legal right to abstain, or to abstain from engaging in conduct in which the other person has a legal right to engage, by means of instilling in the other person a fear that, if the other person refrains from the conduct compelled or induced or engages in conduct contrary to the compulsion or inducement, the actor or another will:

"(a)   Unlawfully cause physical injury to some person."

The word "unlawfully" was added to the statute, along with other changes, by Oregon Laws 1985, chapter 338, section 1, in apparent response to the Supreme Court's opinion in *State v. Robertson,* 293 Or 402, 649 P2d 569 (1982), which held that the former coercion statute—or at least a subsection of it other than the predecessor of the one that we now consider—was unconstitutionally overbroad.[1]

---

[1] It is not altogether clear whether the court in *Robertson* intended to invalidate the entire former statute or just the subsection in question there. Judge Peterson, in his concurrence, said that the "majority opinion *appears* to invalidate the entire statute," 293 Or at 438 (emphasis supplied), but should have confined its holding to the specific subsection. We have suggested both that *Robertson* declared the whole statute invalid, *State v. Cantwell,* 66 Or App 848, 852, 676 P2d 353, *rev den* 297 Or 124 (1984), and that it invalidated only the subsection. *Marks v. City of Roseburg,* 65 Or App 102, 107, 670 P2d 201 (1983), *rev den* 296 Or 536 (1984). The most logical place to seek the answer, the majority opinion in *Robertson,* is not the most instructive. As discussed below, however, that opinion seems to suggest that the predecessor to ORS 163.275(1)(a) might have been constitutional, but that "that question is not now presented." 293 Or at 435, n 30.

■    The only issue in this appeal is whether the present version of ORS 163.275(1)(a) is also overbroad. The state appears to agree that a "narrowing construction," capable of preventing the statute's application to protected speech, is necessary to salvage its constitutionality. *See State v. Moyle,* 299 Or 691, 705 P2d 740 (1985); *State v. Robertson, supra,* 293 Or at 412-13, 431-37. As we observed in note 1, *supra,* the court in *Robertson* suggested that, even before its amendment, ORS 163.275(1)(a) and certain other subsections of the statute could be narrowed by construction to satisfy constitutional requirements:

> "Even where such demands are privileged, there may be few settings where they may be coupled with threats to injure a person or property, ORS 163.275(1)(a) and (b), although, as noted above, these subsections are not confined to threats of wrongful injuries, or where they may be coupled with threats of conduct constituting a crime, ORS 163.275(c) [*sic*]. Possibly privileged expression under those subsections could be protected by recognizing exceptions to their coverage rather than by invalidation for overbreadth, but that question is not now presented." 293 Or at 435, n 30.[2]

The state argues that we can and should construe ORS 163.275(1)(a):

> "First, the phrase 'the actor or another' must be construed to mean 'the actor or another in the actor's control and at the actor's instigation.' Second, the 'fear' which is 'instilled' in the other person must be objectively reasonable. Third, the physical injury that is feared must be objectively probable. And fourth, the 'some person' to whom injury is threatened must be some *specific* person." (Emphasis the state's.)

We agree that the second, third and fourth points in the state's suggested interpretation would save the constitutionality of the statute. We understand *Robertson* and *Moyle,* when read together, to mean that a demand coupled with a threat of unlawful injury to specific persons or property enjoys no constitutional protection if it is objectively believable that the threat will be carried out if the demand is not complied with. We also agree with the state that the statute *can* be construed in accordance with its second, third and fourth

---

[2] We reiterate that ORS 163.275(1)(a), as amended, now does limit its proscription to threats of unlawful physical injury to a person.

points; those points are consistent at least with the legislative intent and are likely to have been precisely what the legislature intended. We therefore adopt the narrowing construction proposed in those points of the state's argument.

The state's first point is either academic or is implicit in its other points. If the person making the threat or someone under his immediate control were not its intended perpetrator, the objective believability of probable injury contemplated by the other points could not be present. "Another" person's prospective actions, if that person were not under the "actor's" control, would be too tangentially connected to the threat for it to reach the level of objective credence.

■ The final issue is whether ORS 163.275(1)(a) is severable from the other provisions of the coercion statute, or whether the constitutionality of the statute as a whole must be considered. We conclude that the subsection is severable, *see* ORS 174.040, and we do not understand *Robertson* to compel the opposite conclusion.[3] *See* note 1, *supra.*

In sum, we construe ORS 163.275(1)(a) to eliminate possible applications which would render it unconstitutionally overbroad, and defendant's conduct, as revealed at his stipulated facts trial, comes squarely within the proscription of the statute as we have construed it.

Affirmed.

---

[3] Since the decision in *Robertson,* the legislature manifested its intent to treat the provisions of ORS 163.275 as severable by repealing *former* ORS 163.275(1)(e), the subsection under which the defendant in *Robertson* was charged. Or Laws 1983, ch 546, § 4.