Submitted August 27, 2008, affirmed March 4, 2009

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**MICHAEL EDWARD MILLER,**
*Defendant-Appellant.*

Washington County Circuit Court
D064475M; A134970

203 P3d 319

Peter Gartlan, Chief Defender, and Erica Herb, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for disorderly conduct in the second degree. ORS 166.025. He assigns error to the trial court's denial of his motion for a judgment of acquittal, arguing that the evidence was insufficient to prove that he "engage[d] in fighting or in violent, tumultuous or threatening behavior" within the meaning of the offense statute. We affirm.

The relevant facts are undisputed. One afternoon, at about 4:00 p.m., defendant was walking down the sidewalk in front of a gas and auto service station. On the sidewalk in front of the station was a three-foot-tall, metal, sandwich-board-style "Help Wanted" sign. As he walked by, defendant kicked the sign off the sidewalk into the middle of a busy four-lane road. The station owner followed defendant to ask him to stop kicking the sign. Once the station owner got defendant's attention, however, defendant turned around but did not speak. Instead, defendant pulled a glove from his pocket, put the glove on one hand and made a fist, and repeatedly punched his fist into his other hand. Feeling threatened, the station owner backed away and called the police.

On the basis of those events, defendant was charged with two counts of second-degree disorderly conduct—one for kicking the sign and the other for his threatening gestures toward the station owner. For both counts, the state alleged that defendant "did unlawfully and recklessly create a risk of public inconvenience, annoyance and alarm, by engaging in fighting or in violent, tumultuous or threatening behavior." At trial, after the state's case-in-chief, defendant moved for a judgment of acquittal on both counts. The trial court granted defendant's motion with respect to the charge based on the threatening gestures, but denied the motion with respect to the charge based on kicking the sign. The jury convicted defendant on the remaining charge.

■ Defendant appeals, contending that the trial court erred in denying his motion for a judgment of acquittal because the evidence is undisputed that he did not use physical force against another person. When reviewing the denial of such a motion, we examine the record and all reasonable

inferences that may be drawn from it in the light most favorable to the state to determine whether a rational factfinder could have found all the elements of the offense beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

The statute under which defendant was charged provides, in part:

"(1)   A person commits the crime of disorderly conduct in the second degree if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, the person:

"(a)   Engages in fighting or in violent, tumultuous or threatening behavior[.]"

ORS 166.025. We construed the terms "fighting" and "violent, tumultuous or threatening behavior" in *State v. Cantwell*, 66 Or App 848, 676 P2d 353, *rev den*, 297 Or 124 (1984). In that case, we stated that those terms relate to "physical acts of aggression." *Id.* at 852 (rejecting the defendant's argument that the statute is unconstitutionally overbroad). We further stated that the statute "makes unlawful only the use of physical force or physical conduct which is immediately likely to produce the use of such force and which is intended to create or recklessly creates a risk of public inconvenience, annoyance or alarm." *Id.* at 853 (rejecting the defendant's contention that the statute is unconstitutionally vague).

Thus, a person violates ORS 166.025(1)(a) if he or she, with the requisite mental state, either (1) uses physical force or (2) engages in physical conduct that is immediately likely to produce the use of physical force. *See State v. Atwood*, 195 Or App 490, 497-98, 98 P3d 751 (2004). In *Atwood*, we noted that the common meaning of "physical force" "connotes the actual use of strength or power." *Id.* at 498. It does not include "actual but incidental physical contact," however. *Id.*; *accord State ex rel Juv. Dept. v. Krieger*, 177 Or App 156, 161, 33 P3d 351 (2001) ("While grabbing hold of someone's shoulder is a physical act, it is also a common method of gaining someone's attention and does not rise to the level of physical force required under [ORS 166.025(1)(a)].").

In this case, defendant insists that kicking the sign did not violate ORS 166.025(1)(a). Regarding the first prong of the *Atwood* analysis, defendant does not dispute that kicking the sign was an "actual use of strength or power." Instead, defendant asserts that, because he "did not use physical force against anyone," his conduct was not a "physical act[ ] of aggression" that is proscribed by the statute. According to defendant, kicking the sign "was simply an act of frustration because the sign was impeding [his] path." He analogizes that act to the incidental physical conduct in *Krieger* that we determined did not constitute "physical force" for the purposes of ORS 166.025(1)(a).

We disagree. Defendant's act of kicking the sign constituted the use of physical force; he kicked it hard enough that it landed in the middle of the road, demonstrating an "actual use of strength or power." It was not, as defendant asserts, merely incidental physical conduct. He did not kick the sign as "a common method of gaining someone's attention"; instead, he kicked the sign because he was frustrated that it was blocking the sidewalk. Furthermore, we reject defendant's contention that the physical force must be directed at a person. Neither the words of the statute nor our cases construing it limit the proscribed conduct in the way that defendant suggests.

Alternatively, defendant argues that there was no evidence that his conduct was immediately likely to produce the use of physical force. *Atwood*, 195 Or App at 498. According to defendant, his conduct did not violate ORS 166.025(1)(a) because "there was never a threat of any sort of physical confrontation between defendant and [the station owner]." Those contentions pertain to the second prong of the *Atwood* analysis. Because we have concluded that the first prong is established in this case (that kicking the sign constituted "physical force"), whether defendant's conduct meets the second prong is irrelevant.

Given that defendant used physical force when he kicked a sign into a busy four-lane road, a rational factfinder could have concluded that, in doing so, defendant recklessly created a risk of public inconvenience, annoyance, or alarm.

Thus, the trial court correctly denied defendant's motion for a judgment of acquittal.

Affirmed.