Submitted March 30, 2015, reversed as to Count 3, otherwise affirmed
March 23, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL LEE RICHARDSON,
*Defendant-Appellant.*

Curry County Circuit Court
12CR0424; A154517

370 P3d 548

Peter Gartlan, Chief Defender, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.

SERCOMBE, P. J.

## SERCOMBE, P. J.

Defendant appeals a judgment of conviction for driving under the influence of intoxicants, ORS 813.010 (Count 1), driving while suspended, ORS 811.182(4) (Count 2), and two counts of second-degree disorderly conduct, ORS 166.025 (Counts 3 and 4). Defendant raises three assignments of error,[1] all related to Count 3, disorderly conduct for engaging in "fighting or in violent, tumultuous, or threatening behavior." *See* ORS 166.025(1)(a) ("A person commits the crime of disorderly conduct in the second degree if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, the person," among other things, "[e]ngages in fighting or in violent, tumultuous, or threatening behavior[.]").[2] We write to address defendant's first assignment of error, in which he argues that the trial court erred in denying his motion for judgment of acquittal on that charge. Because we conclude that the state failed to present sufficient evidence to support a conviction on that charge, we reverse as to Count 3.[3]

---

[1] Defendant initially raised a fourth assignment of error, arguing that the court erred in failing to merge his disorderly conduct verdicts. However, after the case was submitted, defendant filed a notice of probable mootness. Defendant attached a judgment of conviction to the notice, which showed that the trial court had merged the disorderly conduct verdicts into a single conviction. Accordingly, defendant's fourth assignment of error is not justiciable.

[2] Defendant was also found guilty of disorderly conduct on Count 4 under ORS 166.025(1)(b), which provides that a person commits the crime of disorderly conduct if, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof," the person, among other things, "[m]akes unreasonable noise." Defendant does not challenge the verdict on Count 4. As noted above, Counts 3 and 4 have now been merged by the trial court; nevertheless, defendant's three remaining assignments of error remain jusiticiable. Reversing as to Count 3 would have the "practical effect" of requiring modification of the judgment to reflect that defendant was acquitted of that charge. *See State v. Link*, 346 Or 187, 203, 208 P3d 936 (2009) (explaining that, if the defendant prevailed on his claim that his judgment of acquittal should have been granted on three of five merged charges "then that ruling [would] have a 'practical effect' on his rights" because "[d]efendant's judgment of conviction [would] be modified to reflect acquittals" on those charges); *State v. Tilly*, 269 Or App 665, 682, 346 P3d 567, *rev den*, 357 Or 640 (2015) (court's affirmance of two charges that merged with other charges at issue "does not obviate the need to address the denial of the [motion for judgment of acquittal] with respect to" the latter charges).

[3] That conclusion obviates the need to address defendant's two remaining assignments of error, in which he argues that the trial court erred by improperly commenting on the evidence with respect to Count 3.

Because this case concerns the denial of defendant's motion for judgment of acquittal, "[w]e state the relevant facts in the light most favorable to the state[.]" *State v. Kreft*, 270 Or App 150, 151, 346 P3d 1294 (2015) (internal quotation marks omitted). In reviewing the trial court's denial of a motion for judgment of acquittal, we determine whether, viewing the evidence in the light most favorable to the state, "a rational factfinder could have found the elements of the crime in question beyond a reasonable doubt." *Id.* at 152 (internal quotation marks and brackets omitted).

Defendant and his friend, Brockway, were drinking alcohol at Brockway's apartment. Brockway's neighbor, Babcock, told them that her boyfriend had barricaded himself in her apartment and would not let her in. Defendant offered to help her gain entry. To that end, defendant then "banged" on the door of Babcock's apartment, saying in a loud, deep voice, "Police. Open up." Defendant repeated that statement a few times, and then said, "Police. Open up or we'll break the door down. We have guns." After banging on the door for several minutes without getting any response from inside the apartment, defendant stopped and left the building.

Johnson, Babcock's next-door neighbor, heard defendant's knocking and statements from inside her apartment. The door to Johnson's apartment was closed. When Johnson first heard defendant knocking on the door and saying, "Police. Open up," she believed that defendant was a police officer and planned to go see if there was anything she could do to assist him. However, when defendant said that he had a gun and would break down the door, she concluded that he was not actually a police officer and locked the door because she feared for her safety.

When Johnson heard defendant stop knocking, she left her apartment. Johnson then followed defendant to the parking lot and wrote down his license plate number and a description of his vehicle. She subsequently returned to her apartment and called the police. As a result of his conduct, defendant was charged with two counts of second-degree disorderly conduct. Defendant pleaded not guilty and proceeded to trial.

At the close of the state's case, defendant moved for judgment of acquittal. As to the charge at issue, defendant argued that, under *State v. Cantwell*, 66 Or App 848, 676 P2d 353, *rev den*, 297 Or 124 (1984), in order to convict him of disorderly conduct for engaging in "fighting or in violent, tumultuous, or threatening behavior," the state had to prove that defendant had either (1) used physical force, or (2) engaged in physical conduct that was immediately likely to produce the use of physical force. Defendant contended that he did not use physical force because banging on the door did not "fit in the definition of force, which is the strength or energy especially of an exceptional degree or the act of power or actual use of strength or power." Defendant contended that banging on a door is not the "use of strength or power." Rather, according to defendant, banging on a door is "an action that is commonly used to get someone's attention. It's a communicative action. It's not a fighting action. It's not a violent action." Defendant further asserted that his conduct was not immediately likely to produce the use of force because the state had not put on any evidence that anyone was in the apartment, so there was "nobody there to respond [with] such physical force."

The state argued that banging on the door was physical force in itself. Further, the state argued that defendant's actions, even if they were not a use of physical force, were likely to produce the use of physical force because "knocking on the door, yelling that you're the police and have guns is likely to cause the use of physical force." The state contended that, although Johnson hid from defendant, "other people in the apartment complex would have been disturbed," and therefore defendant's conduct might have led to a confrontation with a bystander. The state further asserted that, had the police arrived on the scene while defendant was still banging on the door, "there certainly would have been * * * immediate use of physical force against the defendant."

The court denied the motion for judgment of acquittal, explaining that

"[t]he evidence would support a finding, if the jury finds that evidence to be credible, that the defendant had used force and also that his conduct was such that it would cause

or would likely cause public inconvenience, annoyance, or alarm because anybody—it wouldn't necessarily have to just be somebody who's behind the door that he's knocking or pounding on, but anybody in that apartment complex or nearby who might hear and see somebody who is not a police officer pounding on a door and saying he has a gun and that he's going to break the door down, any person who might observe that conduct would feel alarmed and perhaps threatened by that behavior. And so there is physical force, but additionally there was conduct that was threatening."

On appeal, defendant assigns error to the trial court's denial of his motion for judgment of acquittal, and the parties reiterate the arguments they made in the trial court. As noted above, ORS 166.025(1)(a) provides:

"(1)   A person commits the crime of disorderly conduct in the second degree if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, the person:

"(a)   Engages in fighting or in violent, tumultuous or threatening behavior[.]"

In *Cantwell*, 66 Or App at 852, the court imposed a limiting construction on the term "fighting or in violent, tumultuous or threatening behavior" so that statute would not be unconstitutionally overbroad or vague. The *Cantwell* court therefore interpreted "fighting or in violent, tumultuous or threatening behavior" to refer "only to physical acts of aggression" and not to "actual or symbolic constitutionally protected speech." *Id.* (rejecting the defendant's argument that the statute is unconstitutionally overbroad). The court further concluded that the state may not obtain a conviction under ORS 166.025(1)(a) based on the defendant's speech but, instead, must prove that the defendant—with the requisite mental state—either used "physical force" or engaged in "physical conduct which is immediately likely to produce the use of" physical force. *Id.* at 853 (rejecting the defendant's contention that the statute is unconstitutionally vague).

In subsequent cases, we have reaffirmed the holding of *Cantwell*. First, in *State ex rel Juv. Dept. v. Krieger*, 177 Or App 156, 161, 33 P3d 351 (2001), we held that "grabbing hold of someone's shoulder"—although a physical act—is not the

kind of conduct that violates ORS 166.025(1)(a), because it is a "common method of gaining someone's attention." Then, in *State v. Atwood*, 195 Or App 490, 498, 98 P3d 751 (2004), we explained that physical force within the scope of ORS 166.025(1)(a), is conduct that is, or is immediately likely to produce, an "actual use of strength or power." We further explained that the statute does not reach physical conduct that is "actual but incidental" to a defendant's speech. *Id.*; *see also State v. Miller*, 226 Or App 314, 318, 203 P3d 319 (2009) (kicking a sign was not "incidental physical conduct" because it was not incidental to speech—the defendant did not "kick the sign as a common method of gaining someone's attention" (internal quotation marks omitted)).

With those standards in mind, we conclude that the state failed to present sufficient evidence from which a jury could find that defendant engaged in "fighting or in violent, tumultuous or threatening behavior" under ORS 166.025(1)(a). Here, the conduct that formed the basis for the charge, defendant's knocking on the door to Babcock's apartment, was a "common method of gaining someone's attention." Defendant used that common method of gaining attention—knocking or "banging" on a door—to communicate a demand for entry to someone inside the apartment. The state presented no evidence from which a jury could find otherwise. Accordingly, defendant's conduct was primarily speech and is not proscribed by ORS 166.025(1)(a).

The state argues that, considering defendant's knocking, along with the context of defendant's false claim that he was a police officer and his statements that he would break down the door and that he had guns, a jury could find that defendant's conduct was either a use of physical force or immediately likely to result in physical force. We disagree. Although a defendant's statements may be considered as circumstantial context for a defendant's conduct to determine whether or not the conduct was immediately likely to result in physical force, *see Atwood*, 195 Or App at 499 (explaining that conduct that initially appears to be immediately likely to produce physical force may be revealed to be innocuous, or *vice versa*, when considered along with a person's statements), that does not mean that the state may obtain a conviction under ORS 166.025(1)(a) for conduct that is

*itself* speech. Rather, a defendant's statements may be used to clarify the likely consequences of a nonspeech action. Moreover, to the extent defendant's statements are relevant contextual evidence, they only reinforce the conclusion that defendant's conduct was speech: Defendant's statements indicated that he was knocking in order to communicate to the person inside the apartment that he should open the door.

The state also argues that a jury could find that defendant violated the statute because he "banged [on the door] for several minutes and banged loudly enough that it alarmed other people in the complex." However, the state does not explain why the volume or duration of defendant's knocking would affect our analysis. Again, ORS 166.025(1)(a) does not reach speech; that is so even if the speech is loud, persistent, or otherwise unpleasant. *See Atwood*, 195 Or App at 498-500 (concluding that the defendant did not violate ORS 166.025(1)(a) where he "gestured angrily" and he stated that he would "'take off [a school secretary's] head and shit down her throat'"); *cf. City of Eugene v. Lee*, 177 Or App 492, 494-95, 499-500, 34 P3d 690 (2001) (concluding that the defendant, a street preacher, did not violate a city ordinance identical to ORS 166.025(1)(a) by pounding on his bible and shouting insults at passersby—calling them "'whores,'" "'whoremongers,'" and "'drunkard[s]'"—because there was "no evidence that [the] defendant engaged in physical acts of aggression").

Accordingly, the state did not present sufficient evidence from which a rational trier of fact could find that defendant's behavior violated ORS 166.025(1)(a). Therefore, the court erred in denying defendant's motion for judgment of acquittal.

Reversed as to Count 3; otherwise affirmed.