Argued and submitted February 11, 2020; in A168117, appeal dismissed as moot, in A168116 and A168118, affirmed January 5; petition for review denied May 19, 2022 (369 Or 733)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ETHAN RUSSELL LEERS,
aka Nate R. Baldwin,
aka Ethan Russel Leers,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR22000, 17CR22555, 16CR45172;
A168116 (Control), A168117, A168118

502 P3d 1130

In this consolidated criminal case, defendant appeals from a judgment of conviction for interference with making a report, ORS 165.572, and disorderly conduct in the second degree, ORS 166.025. Defendant contends, among other arguments, that the trial court erred by denying his motion for a judgment of acquittal, because there was insufficient evidence to support a conviction for interfering with making a report, and by rejecting his proposed special jury instruction related to the second-degree disorderly conduct charge. *Held*: The trial court did not err, because there was sufficient evidence in the record to establish that defendant prevented or hindered his mother from making a report to 9-1-1. As to defendant's requested jury instruction, the trial court did not err in refusing to give defendant's instruction, because (1) the court's instructions adequately addressed the elements of second-degree disorderly conduct, and (2) defendant's instruction posed a risk of confusing the jury.

In A168117, appeal dismissed as moot; in A168116 and A168118, affirmed.

Karin Johana Immergut, Judge.

John P. Evans, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Lauren P. Robertson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Powers, Presiding Judge, and Lagesen, Chief Judge, and Hadlock, Judge pro tempore.

POWERS, P. J.

In A168117, appeal dismissed as moot; in A168116 and A168118, affirmed.

**POWERS, P. J.**

In this consolidated criminal case, defendant appeals from a judgment of conviction for interference with making a report, ORS 165.572, and disorderly conduct in the second degree, ORS 166.025.[1] Defendant contends, among other arguments, that the trial court erred by denying his motion for a judgment of acquittal, because there was insufficient evidence to support a conviction for interfering with making a report, and by rejecting his proposed special jury instruction related to the second-degree disorderly conduct charge. For the reasons explained below, we conclude that the trial court did not err and, therefore, affirm.

We begin with defendant's challenge to the denial of his motion for a judgment of acquittal. In so doing, we must determine whether, after viewing the evidence and all reasonable inferences in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Colpo*, 305 Or App 690, 691, 472 P3d 277, *rev den*, 367 Or 290 (2020).

Defendant's mother, Crawford, was driving defendant and his five-month-old daughter to a friend's house. Defendant was agitated and was upset that his girlfriend had taken the title of his car. During the drive, defendant's anger turned toward his mother and he began yelling and threatening to kill her and her brother. As the situation escalated and she became more frightened, Crawford called 9-1-1 and pulled off the road into a Dairy Queen parking lot. While she was on the phone with 9-1-1, defendant—who had gotten out of the car—became angrier and was pounding on the windows such that Crawford told the dispatcher that she thought defendant was going to break a window. At some point during the call, defendant either took Crawford's phone from her or she gave him the phone because she felt threatened. Before defendant obtained possession of the phone, Crawford was able to convey to the 9-1-1 dispatcher

---

[1] Defendant also appeals from probation revocation judgments in Case Nos. 17CR22555 and 16CR45172. Before the state filed its answering brief, defendant completed his sentence in Case No. 17CR22555 and subsequently filed a notice of probable mootness asserting that he is "unaware of any remaining consequences stemming from the revocation judgment in that case." Accordingly, we dismiss his appeal in A168117 as moot.

that she needed help, her location, defendant's name, and his date of birth. She also received confirmation from the 9-1-1 dispatcher that police were on their way. At trial, Crawford testified that she had nothing more she wanted to say to the dispatcher.

In the recorded 9-1-1 call, which was played for the jury and entered into evidence as an exhibit, defendant is heard saying "Give me the phone," and then he talks directly to the 9-1-1 dispatcher:

> "[Defendant]:   Hello? Hello?
>
> "911 DISPATCH:   Hi, [defendant]. I need to talk to your mother.
>
> "[Defendant]:   No. You need to talk to me because I'm trying to leave. I'm not doing nothing to her. She is not around (inaudible). She—I was supposed to get a ride.
>
> "911 DISPATCH:   Hey, [defendant], I need to talk to your mother.
>
> "[Defendant]:   She called the police. For what, dude?
>
> "911 DISPATCH:   She's allowed to talk to us. Hello? [Defendant], can you give the phone back? Hello?"

The call then concludes. The dispatcher called back, and defendant hung up. Defendant then threw Crawford's phone into a field next to the Dairy Queen.

Police eventually arrived and arrested defendant. As he was being transported to jail, defendant yelled offensive statements at the arresting officer, kicked the partition in the police car several times, and threatened to beat up the officer. Defendant was ultimately charged with interfering with making a report and second-degree disorderly conduct.

At defendant's jury trial, after the state presented its case-in-chief, defendant moved for a judgment of acquittal on the charge of interfering with making a report.[2] Relying

---

[2] Defendant also moved for a judgment of acquittal on the disorderly conduct charge and assigns error to the trial court's denial of that motion on appeal. After reviewing the parties' arguments and the record, we summarily conclude that the trial court did not err in denying that motion and reject defendant's argument without written discussion.

primarily on our decision in *State v. Smith*, 259 Or App 36, 312 P3d 552 (2013), defendant argued that, because Crawford did make a report to 9-1-1, he did not prevent or hinder her from making a report. More specifically, because she provided 9-1-1 with the details of the incident—*i.e.*, defendant's name, her name, and the location—before defendant took the phone away from her, there was insufficient evidence to establish that he prevented or hindered Crawford from making a report. The state argued that Crawford had not finished making the report, that "conversations like this go both ways," and that the fact that the 9-1-1 dispatcher asked to speak with Crawford and even tried calling back after the initial call was disconnected meant that the dispatcher needed more information and had not finished taking the report.

The trial court agreed with the state's position and denied defendant's motion for a judgment of acquittal:

> "I think it's a close call. However, if I am viewing the evidence in the light most favorable to the State, which is what I have to do in this kind of motion, then I believe there is evidence to allow this to go forward to the jury, and so I'm going to deny the motion with respect to [that count]."

After a colloquy about defendant's proposed jury instruction, which we discuss in more detail below, the jury ultimately found defendant guilty on both counts. Defendant timely initiated this appeal.

On appeal, the parties largely renew their arguments made to the trial court. Specifically, defendant argues that a "report" for purposes of ORS 165.572 "is made when a person notifies law enforcement that help is needed and provides the information necessary to respond." According to defendant, because it is undisputed that he took the phone away after Crawford told the dispatcher that she needed help, provided her location, and gave defendant's name and date of birth, there was legally insufficient evidence for a jury to conclude beyond a reasonable doubt that he was guilty of interfering with making a report. Defendant further asserts that ORS 165.572 is "not concerned with the hinderance of information from law enforcement to the victim; it is concerned with the hinderance of information from

the victim to law enforcement." The state remonstrates that the text and context of ORS 165.572 establishes that the legislature intended a broad definition of "report" and that includes providing a "detailed account or statement." The state argues that, "when, like here, a defendant takes the phone from the victim while she is in the midst of giving a 'detailed account or statement' to a 9-1-1 operator, and thereby prohibits the victim from further speaking with the 9-1-1 operator, the defendant's conduct interferes with making a 'report' for purposes of ORS 165.572." For the reasons explained below, we conclude that the trial court did not err in denying the motion for a judgment of acquittal.

ORS 165.572(1) provides:

> "A person commits the crime of interference with making a report if the person, by removing, damaging or interfering with a telephone line, telephone or similar communication equipment, intentionally prevents or hinders another person from making a report to a law enforcement agency, a law enforcement official or an agency charged with the duty of taking public safety reports or from making an emergency call as defined in ORS 403.105."

As we explained in *Smith*, to obtain a conviction under ORS 165.572(1) for interference with making a report, the state must prove three elements: (1) that the defendant took an action—removing, damaging or interfering with a telephone; (2) that the action "had the effect of preventing or hindering another person from making a report to 9-1-1"; and (3) that the defendant did so intentionally. 259 Or App at 40 (emphasis, internal quotation marks, and brackets omitted). The statutory phrase "prevents or hinders another from making a report" is predicated on a defendant either "(1) keeping another person from making a report altogether or (2) making it slow or difficult for another person to make a report—both of which require some actual detrimental effect on the making of a report." *Id*. at 41.[3] In particular, "hindering"

---

[3] In reaching this conclusion, we looked to the common definitions of "prevent" and "hinder" and concluded that ORS 165.572(1) addresses both stopping a report and hampering a report:

"Common definitions of 'prevent' are 'to deprive of power or hope of acting, operating, or succeeding in a purpose: FRUSTRATE, CIRCUMVENT,' and 'to keep from happening or existing esp. by precautionary measures: hinder the

a report "requires proof of some discernible interruption or delay in the making of a report; evidence that there was a *de minimis* effect is not sufficient." *Id*. at 42.

In this case, we need not discern the full scope of what it means to make a "report" for purposes of ORS 165.572 or what information must be included in a "report," because we conclude that a "report," at a minimum, includes an ongoing conversation with a 9-1-1 dispatcher about an ongoing incident. That is, although Crawford testified that she did not have more to say to the 9-1-1 dispatcher, there was sufficient evidence in the record to establish that defendant nonetheless prevented or hindered her from making a report when the record shows that the dispatcher wanted to continue talking to Crawford. Defendant obtained the phone from Crawford and refused to hand it back to her despite repeated requests from the 9-1-1 dispatcher. Moreover, defendant threw the phone in a field. Given those actions, the state adduced sufficient evidence for a jury to conclude that defendant made it slow or difficult for Crawford to make a report. Accordingly, the trial court did not err in denying defendant's motion for a judgment of acquittal.

Turning to defendant's challenge to the denial of his special jury instruction, we review a trial court's refusal to give a requested jury instruction for errors of law. *State v. McNally*, 361 Or 314, 320, 392 P3d 721 (2017). Among other charges, defendant was charged with second-degree disorderly conduct for engaging in "fighting or in violent, tumultuous or threatening behavior." *See* ORS 166.025(1)(a) ("A person commits the crime of disorderly conduct in the second degree if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, the person" engages "in fighting or in violent, tumultuous

---

progress, appearance, or fulfillment of: make impossible through advance provisions,' as well as 'to hold or keep back (one about to act): HINDER, STOP.' *Webster's Third New Int'l Dictionary* 1798 (unabridged ed 2002).

"Common definitions of 'hinder' include 'to make slow or difficult the course or progress of: RETARD, HAMPER,' and 'to keep from occurring, starting, or continuing: holdback: PREVENT, CHECK,' *id*. at 1070. Although 'prevent' and 'hinder' are synonymous under those definitions, the legislature's decision to use both terms suggests that it intended the statute to cover two different effects—stopping a report completely and hampering a report."

*Smith*, 259 Or App at 41 (emphasis omitted).

or threatening behavior[.]"). Defendant requested that the trial court instruct the jury that, "Fighting and violent, tumultuous or threatening behavior describes physical acts of aggression, not speech." Defendant asserted that the instruction was appropriate because words alone were not enough for disorderly conduct and that there had to be a physical act. The state objected, arguing that that instruction was an inaccurate statement of the law, because it attempted to "add another element to the crime, mak[ing] it more difficult to prove."

The trial court concluded that the first part of defendant's requested instruction adequately defined "violent, tumultuous or threatening behavior" and decided to remove the words "not speech" from the instruction. The trial court reasoned that, under the totality of the circumstances involved in determining whether defendant committed the crime of disorderly conduct in the second degree, a conviction could not be based solely on speech but could include speech.

On appeal, defendant argues that he was entitled to his requested instruction, because it was a correct statement of the law and it was warranted by the facts of the case. That is, because a significant portion of the evidence elicited at trial concerned defendant's speech and because the state's closing argument emphasized defendant's speech, "it was essential that the jury be instructed that speech cannot constitute violent, tumultuous, or threatening behavior." Further, defendant asserts that the instruction given was not sufficient because the "jury was not told how it could or could not consider defendant's speech." Finally, defendant argues that the trial court's error in not delivering his entire special jury instruction was not harmless.

The state responds that defendant was not entitled to his requested jury instruction because it did not support defendant's theory of the case and the substance of the requested jury instruction was covered by other instructions. Moreover, according to the state, "the portion of defendant's requested instruction that the trial court struck risked confusing the jury," given that a defendant's statements "can be considered as 'circumstantial context for a defendant's conduct.'"

Generally, a "defendant is entitled to have the jury instructed in accordance with his or her theory of the case if the instruction correctly states the law and there is evidence to support giving it." *McNally*, 361 Or at 320. A jury instruction is supported by the evidence if there is any competent evidence to support it. *State v. Beck*, 269 Or App 304, 309, 344 P3d 140, *rev den*, 357 Or 164 (2015). A trial court does not err in refusing to give a proposed instruction—even if the proposed instruction is legally correct—if the substance of the requested instruction is covered fully by other jury instructions or if the requested instruction is not necessary to explain the particular point of law to the jury. *State v. Harryman*, 277 Or App 346, 356, 371 P3d 1213, *rev den*, 360 Or 401 (2016); *see also State v. Roberts*, 293 Or App 340, 346, 427 P3d 1130 (2018) ("A defendant is not entitled, in every case, to a special instruction that is tailored to the particular facts at issue."). Further, the trial court is "not required to also provide negative or converse instructions describing in what circumstances an element might not be established." *Roberts*, 293 Or App at 346 (internal quotation marks omitted).

Here, the trial court did not err in excluding the converse or negative—"not speech"—clause because (1) the court's instructions adequately addressed the elements of second-degree disorderly conduct and (2) defendant's instruction posed a risk of confusing the jury. ORS 166.025 provides, in part:

"(1)   A person commits the crime of disorderly conduct in the second degree if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, the person:

"(a)   Engages in fighting or in violent, tumultuous or threatening behavior[.]"

We have held that ORS 166.025(1) penalizes "only the use of physical force or physical conduct which is immediately likely to produce the use of such force and which is intended to create or recklessly creates a risk of public inconvenience, annoyance or alarm." *State v. Cantwell*, 66 Or App 848, 853, 676 P2d 353, *rev den*, 297 Or 124 (1984); *see also State v. Richardson*, 277 Or App 112, 117, 370 P3d 548 (2016) (noting

that in "subsequent cases, we have reaffirmed the holding of *Cantwell*"). The instruction here, defined "violent, tumultuous, or threatening behavior" as "physical conduct that is immediately likely to produce the use of physical force. Fighting and violent, tumultuous or threatening behavior describes physical acts of aggression." Thus, because the instruction given to the jury adequately and correctly focused on the physical nature of defendant's actions, the trial court did not err in excluding the speech clause from defendant's proposed instruction.

   Moreover, defendant's requested jury instruction posed a risk of confusing the jury. Although we agree with the underlying premise of defendant's argument, *viz.*, that speech alone cannot support a conviction for second-degree disorderly conduct, we also note that "a defendant's statements may be considered as circumstantial context for a defendant's conduct to determine whether or not the conduct was immediately likely to result in physical force[.]" *Richardson*, 277 Or App at 118; *see also id.* at 119 (observing that "a defendant's statements may be used to clarify the likely consequences of a nonspeech action"); *State v. Atwood*, 195 Or App 490, 499, 98 P3d 751 (2004) (noting that nothing in our disorderly conduct case law "precludes the trier of fact from considering evidence of a defendant's statements as part of the circumstantial context of particular conduct"); *State v. Davis*, 303 Or App 90, 98, 462 P3d 295, *rev den*, 366 Or 827 (2020) ("[A] court is allowed to consider the surrounding circumstances in assessing the act. Those circumstances can include accompanying speech."). Therefore, adding the phrase "not speech" to the instruction risked confusing the jury because it did not account for the critical analytical distinction of allowing "speech to be considered as context" for a defendant's actions but "not allowing the speech to become a proxy for what must remain the focus of the inquiry—the physical act itself." *Davis*, 303 Or App at 98. Accordingly, we reject defendant's challenge to the trial court's refusal to give defendant's entire proposed special jury instruction.

   In A168117, appeal dismissed as moot; in A168116 and A168118, affirmed.