Argued and submitted July 21, affirmed September 23, 2009,
petition for review denied January 21, 2010 (347 Or 533)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## BRANDON MICHAEL LAWRENCE,
*Defendant-Appellant.*

Marion County Circuit Court
07C50539; A137583

217 P3d 1084

Bear Wilner-Nugent argued the cause and file the brief for appellant.

Jennifer S. Lloyd argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Tiffany Keast, Assistant Attorney General.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Schuman, Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant appeals convictions for unlawful delivery of cocaine and conspiracy to unlawfully deliver cocaine. ORS 475.880. Defendant assigns error to the trial court's denial of his motion for a judgment of acquittal on the unlawful delivery charge on the ground that the evidence was insufficient to establish that he had attempted to transfer cocaine to another person. Defendant contends that the evidence merely showed that he had been willing to arrange a drug transaction between a prospective buyer and defendant's supplier.[1] We affirm.

When reviewing a challenge to the sufficiency of evidence, we examine the record and all reasonable inferences that may be drawn from it in the light most favorable to the state to determine whether a rational factfinder could have found all the elements of the offense beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). In conducting that review, we make no distinction between direct and circumstantial evidence. *State v. Clelland*, 214 Or App 151, 154, 162 P3d 1081 (2007).

Annotti, acting as a police informant, agreed to set up a drug buy from defendant. Annotti called defendant and asked if he could buy drugs; defendant said that he "would probably be getting" an ounce of cocaine that evening. Defendant explained to Annotti that he had had the cocaine in his possession earlier but that he had given it back to his friend who currently had it and that the friend would not be off work until later that evening. Defendant told Annotti that defendant could help him obtain one-half ounce of the cocaine for $450. Defendant and Annotti arranged a time and place to meet, and defendant arrived at the meeting as scheduled. After defendant arrived, the police arrested defendant and the person who drove him to the meeting location. The police searched defendant and the driver. The driver was in possession of a baggie of cocaine, but the police did not find any

---

[1] Because the trial court merged the conspiracy conviction with the delivery conviction, we do not separately address defendant's assignment of error that the court improperly denied his motion for a judgment of acquittal on the conspiracy charge.

cocaine in defendant's possession.[2] Defendant later told the police that he had planned to take Annotti to meet defendant's supplier who would sell the cocaine to Annotti.

Defendant moved for a judgment of acquittal on the ground that there was no evidence that he had delivered or had attempted to unlawfully deliver a controlled substance. In particular, defendant asserted that he could not be convicted for merely offering to arrange the sale of a controlled substance between a proposed seller and buyer. The trial court denied the motion, defendant was convicted of the charged offenses, and this appeal ensued. Defendant renews his argument on appeal.

The prohibition against the delivery of a controlled substance applies to attempted as well as completed transfers. *See* ORS 475.005(8) (" 'delivery' means the actual, constructive or attempted transfer * * * from one person to another of a controlled substance"). When the state relies on an attempted transfer to prove delivery, it must show that the defendant "intentionally engage[d] in conduct which constitutes a substantial step toward commission of [a completed transfer]." ORS 161.405(1); *see State v. Boyd*, 92 Or App 51, 53-54, 756 P2d 1276, *rev den*, 307 Or 77 (1988). A "substantial step" is more than mere preparation to commit a crime; it must "(1) advance the criminal purpose charged and (2) provide some verification of the existence of that purpose." *State v. Walters*, 311 Or 80, 85, 804 P2d 1164, *cert den*, 501 US 1209 (1991). Offering to sell a controlled substance constitutes a substantial step toward a completed transfer of that substance. *State v. Pollock*, 189 Or App 38, 43, 73 P3d 297 (2003), *aff'd on other grounds*, 337 Or 618, 102 P3d 684 (2004). Moreover, possession is not necessary to prove an attempted transfer of a controlled substance. *Id.* at 46; *see also State v. Sargent*, 110 Or App 194, 198, 822 P2d 726 (1991).[3]

---

[2] Defendant subsequently cooperated with the police in arranging a delivery of the cocaine. That transaction, however, did not provide the basis for the instant prosecution, and we do not discuss it further.

[3] In *Sargent*, we explained:

"[I]f a person solicits another to engage in conduct constituting an element of the crime of delivery, *e.g.*, to provide to the person a controlled substance for the purpose of distribution to third parties, the person has taken a substantial

■    Defendant acknowledges the foregoing principles, but argues that the evidence here nonetheless was insufficient to show that he had taken a substantial step toward delivering a controlled substance, because

> "there is no verification of the existence of defendant's criminal purpose. Prior to his arrest, defendant had *discussed* his ability to obtain cocaine, but the state introduced no evidence at trial that defendant *actually took steps* to obtain cocaine [by calling his supplier] until after his arrest. * * * Defendant may have said he was willing to do so, but mere willingness cannot be a substantial step because * * * willingness alone does not advance the purpose charged."

(Emphasis in original.) We disagree with defendant's characterization of the evidence. Here, the state adduced evidence that defendant had previously had an ounce of cocaine in his possession, had handed it over to a friend, later had offered to sell a portion of it, and then had arranged to meet the buyer and transport the buyer to where the person in possession of the cocaine was located.

As discussed, ORS 475.005(8) defines delivery of a controlled substance to include "attempted transfer, other than by administering or dispensing, from one person to another." In this case, the evidence showed that defendant, who had previously had in his possession an ounce of cocaine, negotiated with a prospective buyer the quantity and price for purchase of some of that cocaine. He then set up a meeting with the buyer and, according to defendant's own description of events, arrived at the meeting location to take the buyer to the person who was carrying the cocaine. That evidence was sufficient for a trier of fact to find, beyond a reasonable doubt, that defendant had advanced the criminal purpose of transferring cocaine from one person to another.[4]

Affirmed.

---

step toward committing the crime of attempted delivery under ORS 475.992(1)."

110 Or App at 198.

[4] We do not address the state's alternative argument that the evidence was sufficient to show that defendant had intended to personally sell cocaine to Annotti and that, to advance that purpose, defendant had constructively possessed the cocaine that the police found in the possession of his driver.