**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONEL SANDOVAL, AKA Lione Sandoval,<br><br>*Petitioner*,<br><br>v.<br><br>SALLY Q. YATES,[*] Acting Attorney General,<br><br>*Respondent.* | No. 13-71784<br><br>Agency No. A090-808-120<br><br>OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2016
Portland, Oregon

Filed January 27, 2017

Before: M. Margaret McKeown, William A. Fletcher
and Raymond C. Fisher, Circuit Judges.

Opinion by Judge Fisher

---

[*] Sally Q. Yates is substituted for her predecessor, Loretta E. Lynch, as Acting Attorney General of the United States, pursuant to Fed. R. App. P. 42(c)(2).

## SUMMARY[**]

### Immigration

The panel granted Leonel Sandoval's petition for review of the Board of Immigration Appeals' decision finding him ineligible for cancellation of removal based on his conviction for delivery of a controlled substance under Oregon Revised Statutes § 475.992(1)(a), and remanded.

The panel held that the Oregon law is not a categorical aggravated felony, because its definition of "delivery" includes mere solicitation, and the federal Controlled Substances Act does not punish soliciting delivery of controlled substances. The panel further held that because no "commercial element" is included in the Oregon statute, it is not a categorical match to an "illicit trafficking" offense.

The panel also held that the modified categorical approach does not apply because the Oregon law is indivisible with respect to whether an "attempt" is accomplished by solicitation.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Brian Patrick Conry (argued), Portland, Oregon, for Petitioner.

Song E. Park (argued), Senior Litigation Counsel; Cindy S. Ferrier, Assistant Director; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

FISHER, Circuit Judge:

Sandoval was convicted of delivery of a controlled substance under Oregon Revised Statutes § 475.992(1)(a).[1] Oregon law permits conviction for delivery under this statute based on mere solicitation. Because the Controlled Substances Act does not punish soliciting delivery of controlled substances, § 475.992(1)(a) cannot be a categorical match to an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). Further, because § 475.992(1)(a) is indivisible, the modified categorical approach does not apply. Therefore, we grant Sandoval's petition and remand for further proceedings.

## I

Leonel Sandoval moved to the United States from Mexico when he was nine years old. He adjusted to lawful permanent

---

[1] This statute is currently codified at Oregon Revised Statutes § 475.752.

resident status in 1990. His wife of over 26 years and two children are United States citizens.

In 1998, Sandoval was convicted of delivery of a controlled substance under Oregon law. The indictment identified the controlled substance as heroin. He performed community service at a forest project and was placed on probation for two years. Since then, he has not been convicted of any other criminal activity. Twelve years later, the government instituted removal proceedings against him. It alleged two grounds for removal based on Sandoval's 1998 conviction: (1) that the conviction was an aggravated felony and (2) that the conviction was related to a controlled substance. *See* 8 U.S.C. § 1227(a)(2)(A)(iii), (B)(i). Under the second charge, Sandoval could seek cancellation of removal based on his long-standing residence and family ties in the United States. But the first charge made him ineligible for such relief. *See id.* § 1229b(a)(3). Accordingly, Sandoval argued the government had failed to offer clear and convincing evidence he was convicted of an aggravated felony because Oregon's statute is broader than a federal controlled substance offense given that it punishes solicitation in addition to actual and attempted delivery. The IJ and BIA rejected this argument, concluded he was ineligible for cancellation of removal and ordered him removed.

Sandoval timely petitioned for review. We have jurisdiction and review Sandoval's petition de novo. *See* 8 U.S.C. § 1252(a)(2)(D); *Daas v. Holder*, 620 F.3d 1050, 1053 (9th Cir. 2010); *see also Coronado-Durazo v. INS*, 123 F.3d 1322, 1324 (9th Cir. 1997). We do not defer to an agency's interpretations of state law or provisions of the federal criminal code. *See Hoang v. Holder*, 641 F.3d 1157, 1161 (9th Cir. 2011).

## II

To determine whether a state criminal conviction is an aggravated felony, we must follow the "categorical approach." *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Under this approach, we "compare the elements of the statute forming the basis of the [petitioner's] conviction with the elements of the 'generic' crime – *i.e.*, the offense as commonly understood." *Id.* Only if the elements in the petitioner's statute of conviction "are the same as, or narrower than, those of the generic offense" is the petitioner's conviction a categorical match. *Id.*

Under the categorical approach, we first determine the definition of the generic offense – here, an aggravated felony. This requires us to navigate a "maze of statutory cross-references." *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 567 (2010). We start with the definition of "aggravated felony" as used in 8 U.S.C. § 1101(a)(43).

The term "aggravated felony" includes two federal controlled substance offenses relevant to this appeal: (1) "illicit trafficking in a controlled substance," which includes (2) any "drug trafficking crime." 8 U.S.C. § 1101(a)(43)(B). Only felonies qualify as "illicit trafficking" offenses or "drug trafficking crime[s]." *See Lopez v. Gonzales*, 549 U.S. 47, 55, 60 (2006). A "felony" means an offense punishable by more than one year under federal law. *See* 18 U.S.C. § 3559(a)(5); *see also Moncrieffe v. Holder*, 133 S. Ct. 1678, 1683 (2013); *Lopez*, 549 U.S. at 60 ("In sum, we hold that a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it

proscribes conduct punishable as a felony under that federal law.").**[2]**

The elements of an "illicit trafficking" offense are not statutorily defined. *See* 8 U.S.C. § 1101. But the Supreme Court has said an illicit trafficking offense includes "some sort of commercial dealing." *Lopez*, 549 U.S. at 53; *see also Carachuri-Rosendo*, 560 U.S. at 574.

The elements of a "drug trafficking crime" are more readily determined. Drug trafficking crimes include felonies punishable under the Controlled Substances Act. *See* 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2). Because heroin is a federally controlled substance, *see* 8 U.S.C. § 1101(a)(43)(B); 21 U.S.C. §§ 802(6), 812(c)(sched. I)(b)(10), knowingly distributing or possessing with intent to distribute heroin violates the Controlled Substances Act, *see* 21 U.S.C. § 841(a)(1). Doing so is a felony, *i.e.*, a crime punishable by more than one year of imprisonment under federal law. *See* 21 U.S.C. § 841(b)(1)(C). Accordingly, because distributing heroin is a drug trafficking crime, we must consider the meaning of "distribute."

The term "distribute" means "deliver." *See* 21 U.S.C. § 802(11). And "deliver" means "the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship." *Id.* § 802(8). Accordingly, one may commit a drug

---

**[2]** The Controlled Substances Act defines "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13). But 18 U.S.C. § 3559(a) controls for immigration purposes. *See Moncrieffe*, 133 S. Ct. at 1683; *see also Carachuri-Rosendo*, 560 U.S. at 567.

trafficking crime by actually delivering, attempting to deliver or possessing with intent to deliver heroin.

Because Sandoval argues the Oregon statute under which he was convicted criminalizes solicitation, we must next determine whether generic attempted delivery also includes solicitation. The Controlled Substances Act does not define the term "attempt." *See* 21 U.S.C. §§ 802, 846. Nevertheless, as the government concedes, mere solicitation of controlled substances does not constitute "attempted" delivery under federal law. *See United States v. Rivera-Sanchez*, 247 F.3d 905, 908–09 (9th Cir. 2001) (en banc), *superseded on other grounds as stated in Guerrero-Silva v. Holder*, 599 F.3d 1090, 1092 (9th Cir. 2010); *see also Leyva-Licea v. INS*, 187 F.3d 1147, 1150 (9th Cir. 1999); *Coronado-Durazo*, 123 F.3d at 1325–26. The Controlled Substances Act "does not mention solicitation," unlike "attempt" and "conspiracy." *Rivera-Sanchez*, 247 F.3d at 909 (quoting *Leyva-Licea*, 187 F.3d at 1150); *see also Coronado-Durazo*, 123 F.3d at 1325; 21 U.S.C. § 846 (prescribing felony punishment for attempting or conspiring to deliver a controlled substance). This is unsurprising, as "solicitation" is the "act or an instance of requesting or seeking to obtain something." *Solicitation*, Black's Law Dictionary (10th ed. 2014). While strongly corroborative of intent to commit a crime, such a request does not cross the line between preparation and attempt. *See, e.g.*, *United States v. Yossunthorn*, 167 F.3d 1267, 1272–73 (9th Cir. 1999) (ordering drugs from a known supplier was not an attempt when there was no agreement as to essential details regarding the transaction).

Therefore, there are two federal offenses that may qualify as aggravated felonies for the purposes of this case. The first

is an illicit trafficking offense that must (1) contain a "commercial dealing" element and (2) be punishable as a felony under federal law. The second is a drug trafficking crime for delivery of heroin satisfying the following elements: (1) knowing or intentional (2) delivery, attempted delivery, conspiracy to deliver or possession with intent to deliver (3) heroin. The latter offense may not be accomplished by merely soliciting delivery – *i.e.*, offering delivery – of heroin. The next question is whether Sandoval's Oregon statute of conviction matches either federal definition.

Sandoval was convicted of delivering a controlled substance. His indictment identifies the controlled substance as heroin and cites Oregon Revised Statutes § 475.992. The only portion of that statute proscribing delivery of heroin states:

> [I]t is unlawful for any person to manufacture or deliver a controlled substance. Any person who violates this subsection with respect to: (a) A controlled substance in Schedule I, is guilty of a . . . felony.

Or. Rev. Stat. § 475.992(1)(a) (1998). The term "deliver" means "the actual, constructive or attempted transfer" of a controlled substance from one person to another. *Id.* § 475.005(8) (1998). "A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime." *Id.* § 161.405(1) (1998).

Under Oregon law, solicitation – even without possession – is a "substantial step toward committing the crime of

attempted delivery under ORS 475.992(1)." *State v. Sargent*, 822 P.2d 726, 728 (Or. Ct. App. 1991); *see also State v. Lawrence*, 217 P.3d 1084, 1086 (Or. Ct. App. 2009). And, taking a substantial step toward committing the crime of attempted delivery by solicitation "constitutes delivery" in Oregon. *Sargent*, 822 P.2d at 728.

*Sargent* relied on *State v. Self*, 706 P.2d 975 (Or. Ct. App. 1985), in concluding that mere solicitation supported a conviction for delivery of controlled substances under § 475.992(1)(a). *See Sargent*, 822 P.2d at 728. There, the defendant was convicted under Oregon's generic solicitation statute, Oregon Revised Statutes § 161.435. *See Self*, 706 P.2d at 977. The court set out the specific facts:

> At the time of the commission of the instant offense, defendant was serving a sentence in the Lane County Jail. While at that facility, he telephoned one Webb, whose foster daughter he knew, in an attempt to obtain Webb's help in securing $2000 for the release from jail of a third party, Brown. Defendant made about six phone calls, the first two to the foster daughter. During the fourth call, when asked by Webb about collateral, defendant for the first time said that, after his release, Brown would go to two places in Eugene and get the money to repay Webb. Then, as a further reward, Webb and Brown would go to San Francisco, where Brown would obtain and give Webb five kilos of cocaine.

*Id.* The defendant was convicted of "solicitation of attempted delivery of an illegal substance." *Id.* The appellate court

affirmed, "holding that the facts were sufficient to support his conviction." *Sargent*, 822 P.2d at 728.

That the appellate court in *Sargent* concluded the facts of *Self* were "illustrative" is telling. *See id.* The defendant in *Self* did not possess or even offer to deliver the cocaine. *See Self*, 706 P.2d at 977. Instead, he tried to arrange the release of a third party, promising that same third party would obtain cocaine in exchange for assistance in the third party's release. *See id.* There was no agreement to accomplish this scheme. *See id.* Further, the court recited no facts indicating the third party's willingness to perform the promised criminal acts. *See id.* Nevertheless, the appellate court in *Sargent* pointed to *Self* as the "illustrative" case supporting its conclusion that "delivery" under § 475.992(1)(a) includes solicitation. *Sargent*, 822 P.2d at 728. This holding has not been disturbed by later Oregon case law.

For example, in *State v. Pollock*, 73 P.3d 297 (Or. Ct. App. 2003), the court reversed a pretrial order suppressing evidence against a defendant charged under § 475.992 for delivery of a controlled substance. There, an officer had been told by witnesses that the defendant had tried to sell them ecstasy, a controlled substance. *See id.* at 298. The trial court found that "an offer to sell a controlled substance is, standing alone, insufficient to establish probable cause to believe that an attempted transfer has occurred." *Id.* at 299. The appellate court reversed:

> *We conclude that offering to sell a controlled substance constitutes a substantial step toward a completed transfer of that substance.* As the court explained in *State v. Walters*, 311 Or. 80, 85, 804 P.2d 1164, *cert. den.*,

501 U.S. 1209, 111 S.Ct. 2807, 115 L.Ed.2d 979 (1991), "'to be a substantial step the act must be "strongly corroborative of the actor's criminal purpose,"' . . . *i.e.*, [the] defendant's conduct must (1) advance the criminal purpose charged and (2) provide some verification of the existence of that purpose." (Citations omitted.) *An offer to sell a controlled substance meets the two-part test the court identified in Walters.* It "substantially advances" the goal of completing the transaction. *See id.* An offer to sell goes beyond mere preparation and shows a commitment to completing the transfer if the offer is accepted. Additionally, the offer "provide[s] some verification of the existence of [defendant's criminal] purpose." *See id.* Taking defendant at his word, he would have immediately transferred the ecstasy to Andersen and Carver if they had accepted his offer. At a minimum, the officer reasonably could conclude from defendant's offer to sell a controlled substance that it was more likely than not that he had intentionally taken a substantial step toward the completed transfer of that substance.

*Id.* at 300 (alterations in original) (emphases added). Thus, under Oregon law, the offer to sell a controlled substance is enough to complete a substantial step toward an intended transfer, *i.e.*, offering to sell a controlled substance is an attempt under Oregon law. *See id.* The same is not true under federal law. *See Rivera-Sanchez*, 247 F.3d at 908–09. Accordingly, a statute that punishes the mere offer of a

controlled substance is not an aggravated felony under the categorical approach. *See id.* at 909.

The government concedes that simply offering to deliver a controlled substance is not an aggravated felony. Nevertheless, it contends § 475.992(1)(a) does not punish simply offering a controlled substance, but requires more. It relies on *State v. Johnson*, 123 P.3d 304 (Or. Ct. App. 2005). We are not persuaded.

In *Johnson*, the defendant was convicted of both attempted murder and solicitation to commit murder. *See id.* at 306. During phone conversations and in online chats, the defendant asked a friend to kill both his wife and daughter, suggesting methods for the murders and offering to make sure the friend would "never want for anything" if she did as asked. *See id.* Because the state had no evidence of a "concrete" plan outlined for the murder of his wife and child, the defendant argued the evidence was insufficient to support a solicitation or attempt conviction. *See id.* at 307–08. The appellate court disagreed and affirmed his conviction on appeal. *See id.* at 310. The government contends this case stands for the proposition that mere solicitation – simply offering to deliver a controlled substance – is not enough to convict under § 475.992(1)(a). We do not read it that broadly.

First, *Johnson* did not involve a controlled substance offense under Oregon law. *See id.* at 305. Instead, it dealt with attempted murder and solicitation to commit murder.

*See id.* at 306.**[3]** Thus, it is not clear whether *Johnson* is applicable here.

Second, even if *Johnson* is applicable, the standards the court outlined match those in *Sargent*:

> In *State v. Sargent* . . ., we held that, "if a person solicits another to engage in conduct constituting an element of the crime of delivery, *e.g.*, to provide to the person a controlled substance for the purpose of distribution to third parties, the person has attempted delivery . . . ." We see no reason to depart from that reasoning here, and we decline to hold that solicitation of a knowing agent is categorically disqualified as a "substantial step" under ORS 161.405. Rather, as the statute plainly states, solicitation requires a "substantial step." Solicitation of a guilty person qualifies as a "substantial step" if, under the facts, the defendant's actions exceed mere preparation, advance the criminal purpose charged, and provide some verification of the existence of that purpose.

*Id.* at 309–10 (footnotes omitted). The appellate court's reasoning in *Johnson* was that solicitation is both strong evidence of criminal purpose *and* a substantial step toward accomplishing that purpose under *Sargent*. *See id.* Nothing in *Johnson* requires a defendant to take some affirmative act

---

**[3]** We do not consider whether solicitation to commit murder is an aggravated felony.

to further the goal of the requested criminal behavior or specify how the crime would take place. *See id.* at 308 ("[The] details of how the crime is to be committed need not be *specified*.").[4] *Johnson* does not limit *Sargent* in any way.

In sum, the government's argument fails to acknowledge *Sargent*'s and *Pollock*'s explicit statements that a conviction under § 475.992(1)(a) may be supported by merely offering to deliver controlled substances. *See Sargent*, 822 P.2d at 728 ("We conclude that, if a person solicits another to engage in conduct constituting an element of the crime of delivery . . ., the person has taken a substantial step toward committing the crime of attempted delivery . . . [and] [u]nder that statute, the conduct constitutes delivery."); *Pollock*, 73 P.3d at 300 ("We conclude that offering to sell a controlled substance constitutes a substantial step toward a completed transfer of that substance."). As we have repeatedly held, solicitation of controlled substances is not an aggravated felony. *See, e.g.*, *Rivera-Sanchez*, 247 F.3d at 909.

Because Oregon's definition of "delivery" includes solicitation, § 475.992(1)(a) is not a categorical match to a "drug trafficking crime." Further, because no "commercial element" is included in the Oregon statute, it also is not a categorical match to an "illicit trafficking" offense.

---

[4] This was exemplified in *State ex rel. Juvenile Department of Union County v. Krieger*, 33 P.3d 351, 352 (Or. Ct. App. 2001), in which the Oregon appellate court affirmed "without discussion" a conviction for solicitation. There, a minor asked several students to help him "blow up or shoot up" their school. *See id.* All of these requests were rejected and the minor "never pursued any further discussion" or provided "specific plans to carry out the shooting or bombing." *Id.* Nevertheless, the minor's conviction for solicitation was summarily affirmed by the court. *See id.*

Therefore, Sandoval's conviction for delivery of heroin does not qualify as an aggravated felony under the categorical approach.

## III

Our inquiry does not end here, however. We must next address whether the modified categorical approach may be used to determine whether Sandoval's conviction qualifies as an aggravated felony.

Only divisible statutes are subject to the modified categorical approach. *See Lopez-Valencia v. Lynch*, 798 F.3d 863, 867–69 (9th Cir. 2015) (holding *Descamps* divisibility analysis is applicable in the immigration context). "[D]ivisibility hinges on whether the jury must unanimously agree on the fact critical to the federal statute." *Id.* at 868–69. Such critical facts are "elements," which are the "things the 'prosecution must prove to sustain a conviction.'" *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (quoting Black's Law Dictionary 634 (10th ed. 2014)).

To resolve the question of whether statutory alternatives are either elements or means, a court looks first to the statute itself and then to the case law interpreting it. *See id.* at 2256–57; *see also Almanza-Arenas v. Lynch*, 815 F.3d 469, 479–82 (9th Cir. 2016) (en banc). If state law fails to answer the question, a court may look to *Shepard* documents, which may be helpful in determining divisibility. *See Mathis*, 136 S. Ct. at 2256–57; *see also Descamps*, 133 S. Ct. at 2284 (citing *Shepard v. United States*, 544 U.S. 13, 25–26 (2005)). But if the statute, case law and *Shepard* documents fail to speak plainly as to whether statutory alternatives are elements instead of means, the statute is indivisible and the modified

categorical approach has no application. *See Mathis*, 136 S. Ct. at 2257; *see also In re Chairez-Castrejon*, 26 I. & N. Dec. 819, 819–20 (BIA 2016) (holding *Descamps* and *Mathis* divisibility analysis "applies in immigration proceedings nationwide to the same extent that it applies in criminal sentencing proceedings").

The government does not argue § 475.992(1)(a) is divisible. Instead, it urges us to remand to the BIA to determine whether § 475.992 is divisible. When an agency does not reach an issue for which it is owed *Chevron* deference, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2002) (internal quotation marks omitted); *see also Gonzales v. Thomas*, 547 U.S. 183, 186 (2006). But interpreting criminal law is not a matter placed primarily in agency hands. *See Hoang*, 641 F.3d at 1161. We owe no deference to the decision of the BIA on this issue and there is no reason to remand for the BIA to decide the issue of divisibility in the first instance. *See Rivera v. Lynch*, 816 F.3d 1064, 1078 n.13 (9th Cir. 2016) ("The question of [a state criminal statute's] divisibility 'requires neither factual development nor agency expertise' and is properly analyzed by this court." (quoting *Chavez-Solis v. Lynch*, 803 F.3d 1004, 1012 n.6 (9th Cir. 2015))).

Section 475.992(1)(a) does not list "solicitation" as an alternative method of accomplishing delivery. Nor is solicitation included in the express statutory definition of "deliver." *See id.* § 475.005(8). The inclusion of solicitation as a means of accomplishing delivery is a judicial interpretation of the word "attempt." Therefore, this is a circumstance where the divisibility analysis is

"straightforward" because § 475.992(1)(a) "sets out a single (or 'indivisible') set of elements to define a single crime." *Mathis*, 136 S. Ct. at 2248. Solicitation is not an enumerated statutory alternative to delivery or attempt but is, instead, included within the meaning of those listed alternatives. *See Sargent*, 822 P.2d at 728. The statute is therefore indivisible with respect to whether an "attempt" is accomplished by solicitation.

The government argues we have previously held § 475.992(1)(a) could qualify as an aggravated felony under the modified categorical approach, citing *United States v. Chavaria-Angel*, 323 F.3d 1172, 1177–78 (9th Cir. 2003). There, we affirmed the district court's conclusion that the defendant's § 475.992 offense for delivery of a controlled substance was an aggravated felony based on a review of uncertified Oregon state records. *See Chavaria-Angel*, 323 F.3d at 1174, 1177–78. However, the decision rested on the method rejected in *Descamps*, 133 S. Ct. at 2282–83, 2286–91, and applied the modified categorical approach without performing any divisibility analysis. *See Chavaria-Angel*, 323 F.3d at 1177–78. The analysis improperly focused on what the defendant actually *did* as opposed to the crime of which the defendant was *convicted*. *Compare id.* (focusing on the evidence supporting a finding the defendant sold controlled substances), *with Descamps*, 133 S. Ct. at 2287 (calling this method a "modified factual" approach, which turns an "elements-based inquiry into an evidence-based one"). The opinion did not consider whether a jury, when convicting a defendant of delivery of a controlled substance, must unanimously choose between alternative methods of delivery, including solicitation. *See Chavaria-Angel*, 323 F.3d at 1177–78. *Descamps* and *Mathis* require these inquiries. *See Mathis*, 136 S. Ct. at 2256–57;

*Descamps*, 133 S. Ct. at 2286–91. *Chavaria-Angel*, therefore, is not controlling here.

To summarize, § 475.992(1)(a) is overbroad in its definition of "delivery," and the modified categorical approach may not be applied because § 475.992(1)(a) is indivisible with respect to whether an "attempt" is accomplished by solicitation. Therefore, we hold a conviction for delivering heroin under § 475.992(1)(a) is not an aggravated felony. Sandoval's petition is granted.

**GRANTED AND REMANDED.**