**NOT FOR PUBLICATION**

**FILED**

FEB 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL ANDERSON, AKA Sorin Florin Boroghina,<br><br>            Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>            Respondent. | No. 14-73870<br><br>Agency No. A039-044-356<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018[**]

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Michael Anderson, a native and citizen of Romania, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's removal order, and denying a motion to remand. Our

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and grant in part the petition for review, and we remand.

Anderson does not raise, and has therefore waived any challenge to, the agency's denial of asylum, withholding of removal, and protection under the Convention Against Torture. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

The BIA denied Anderson's motion to remand, determining he had not demonstrated that a change in law had materially affected his removability such that he was no longer bound by his attorney's concession that Anderson is removable because his conviction for unlawful delivery of marijuana under Oregon Revised Statutes § 475.860(2)(a) is an aggravated felony. However, the BIA did not have the benefit of our decision in *Sandoval v. Sessions*, 866 F.3d 986 (9th Cir. 2017), which held that the "delivery" element of delivery of a controlled substance under Oregon Revised Statutes § 475.992(1)(a) was not a categorical match to a drug trafficking aggravated felony because it punishes conduct outside of the scope of the federal equivalent. Accordingly, we remand for the BIA to consider Anderson's motion to remand in light of that decision. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 830-31 (9th Cir. 2011) (absent egregious circumstances, an

attorney's admission or concession is binding on an alien; egregious circumstances include circumstances where binding the alien to the concession would be unjust, such as if the propriety of the concession has been undercut by intervening law).

In light of this disposition, we need not address Anderson's remaining contentions.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**