**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

OCT 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL ESPINOZA-OREJEL, | No.   17-73294 |
| Petitioner, | Agency No. A092-284-488 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 11, 2019
San Francisco, California

Before:  WALLACE, BEA, and FRIEDLAND, Circuit Judges.

Gabriel Espinoza-Orejel (Espinoza) petitions for review of a decision of the Board of Immigration Appeals (Board). We dismiss Espinoza's petition in part, grant in part, and remand.

In 2016, Espinoza, a lawful permanent resident, was convicted for transporting or offering to transport methamphetamine in violation of California Health and Safety Code section 11379(a) (Section 11379). Because of this conviction, the Department of Homeland Security initiated removal proceedings against Espinoza. An immigration

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

judge (IJ) held that Espinoza was removable because of this conviction and denied his applications for asylum, for withholding of removal, and for deferral of removal under the Convention Against Torture (CAT). The Board affirmed the IJ's removability finding on the basis that Espinoza's Section 11379 conviction constituted both (1) a deportable controlled substance violation under 8 U.S.C. § 1227(a)(2)(B)(i) and (2) an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) that rendered him deportable under 8 U.S.C. § 1227(a)(2)(A)(iii). The Board next held that Espinoza's conviction constituted "an aggravated felony that is also a particularly serious crime," which rendered Espinoza ineligible for asylum and for withholding of removal. Finally, the Board held that Espinoza was ineligible for deferral of removal under the Convention Against Torture (CAT).

We review the Board's determination of purely legal questions de novo, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), including whether a state conviction is an offense with immigration consequences, *see Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1130 (9th Cir. 2016) and whether a conviction under state law is an aggravated felony, *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1038 (9th Cir. 2011). We review the Board's determination that a crime is "particularly serious" for an abuse of discretion, and the denial of CAT relief for substantial evidence. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077–78 (9th Cir. 2015).

On appeal Espinoza argues, for the first time, that his Section 11379 conviction involving methamphetamine does not qualify as a removable offense under the

2

Immigration and Nationality Act (INA) because California's definition of methamphetamine is purportedly broader than the federal definition of methamphetamine and indivisible.

We lack jurisdiction to consider this argument because Espinoza failed to raise this issue before the Board. The INA provides this court jurisdiction over a final order of removal "only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "A petitioner's failure to raise an issue before the [Board] generally constitutes a failure to exhaust," which "depriv[es] this court of jurisdiction to consider the issue." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013), *citing Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

While the INA does "not require exhaustion if the [Board]—bound by our prior precedent—would be precluded from granting relief," *Alvarado v. Holder*, 759 F.3d 1121, 1129 (9th Cir. 2014), we are not persuaded that this exception to the exhaustion requirement applies here. This exception applies where "recourse to administrative remedies . . . would be futile" because the "issues" a petitioner raises are "so entirely foreclosed" that "no remedies are 'available . . . as of right' with regard to them before IJs and the [Board]." *Sun v. Ashcroft*, 370 F.3d 932, 942–43 (9th Cir. 2004), *quoting* 8 U.S.C. § 1252(d)(1). However, the two cases Espinoza cites to demonstrate futility— *United States v. Valdavinos-Torres*, 704 F.3d 679, 684 (9th Cir. 2012), and *Coronado v. Holder*, 759 F.3d 977, 981 (9th Cir. 2014)—do not "foreclose" the issue of whether California's definition of methamphetamine is overbroad because that issue was neither

3

raised by the litigants nor considered by the court.

In *Sun v. Ashcroft*, we held that the futility exception to the exhaustion requirement was not met under similar circumstances. 370 F.3d at 942–44. In that case, Sun pointed to a single sentence in a prior Board appeal to argue that the Board "had already decided the issue he wishes to raise." *Id.* at 943. However, when we examined that decision, we found that there was no "indication that the agency . . . was presented with any arguments based on [the] provisions" Sun relied on and that the Board "did not in its single sentence render a holding on" the argument Sun raised. *Id.* at 943–44. As a result, we concluded that the Board's "position on the question at issue" did not "appear[] already set," and thus, we lacked jurisdiction to consider Sun's unexhausted arguments. *Id.*

Like in *Sun*, Espinoza points to a single sentence in *Coronado* and in *Valdavinos-Torres*,[1] yet there is no indication that this court was presented with any arguments concerning the overbreadth of California's definition of methamphetamine in either of those cases. Instead, the *Valdavinos-Torres* and *Coronado* petitioners had challenged the agency decisions on other grounds: that under the modified categorical approach, their records of conviction did not show that their offenses involved methamphetamine as opposed to another substance not covered by federal law. *See Coronado*, 759 F.3d at

---

[1] *See Valdavinos-Torres*, 704 F.3d at 684 (stating, without analysis, that "[m]ethamphetamine, of course, qualifies as a controlled substance under federal law"); *Coronado*, 759 F.3d at 981 (stating, without analysis, that methamphetamine is "a controlled substance listed in the CSA").

4

985; *Valdavinos-Torres*, 704 F.3d at 684. Moreover, neither *Coronado* nor *Valdavinos-Torres* "render[ed] a holding on" the question Espinoza raises concerning the overbreadth of California's definition of methamphetamine, *Sun*, 370 F.3d at 943. "We have held that issues that are not raised or discussed are 'unstated assumptions on non-litigated issues [and] are not precedential holdings binding further decisions.'" *Gonzales v. Dep't of Homeland Sec.*, 508 F.3d 1227, 1235 (9th Cir. 2007), *quoting Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985) (alteration in original). As a result, the Board's "position on the question at issue" did not "appear[] already set," such that Espinoza had "no remedies" available "as of right" before the IJ and the Board. *Sun*, 370 F.3d at 942–43.

We also reject Espinoza's argument that our unpublished disposition in *Lorenzo v. Whitaker*, 752 F. App'x 482 (9th Cir. 2019), changed the law in a manner that would excuse his lack of exhaustion. An unpublished opinion cannot change the law. 9th Cir. R. 36-3(a) ("Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion."); *In re Burns*, 974 F.2d 1064, 1068 (9th Cir. 1992) (explaining that an unpublished memorandum disposition "could not be properly understood as establishing a rule," such that "a citation to it could have no force").

Because Espinoza failed to raise his overbreadth argument before the Board and has not demonstrated that an exception to the exhaustion requirement applies, we are without jurisdiction to consider the argument. *See* 8 U.S.C. § 1252(d)(1); *Sola*, 720 F.3d

at 1135. Accordingly, we dismiss Espinoza's petition for review to the extent it seeks relief from removal based on the supposed overbreadth of California's definition of methamphetamine.

In a conclusory fashion, the Board held that Espinoza's conviction "is for an aggravated felony that is also a particularly serious crime," which rendered him ineligible for asylum and withholding of removal. Both parties agree that we should remand for further proceedings so that the Board may explain the reasoning behind its determination. We agree.

The Board's analysis of these claims is sparse to the point of being indiscernible. *See Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005) ("When the agency's reasoning is indiscernible, the courts cannot exercise their duty of review, and instead must remand to the agency." (citation and internal quotation marks omitted)). The reasoning undergirding the Board's decision is not clear, and at times, appears erroneous. For example, the Board appears to rely on Espinoza's conviction record to make its aggravated felony finding; however, Espinoza's conviction records do not show whether he was convicted of violating the statute by engaging in a sale (which is an aggravated felony) or a mere offer (which is not an aggravated felony). *See Sandoval v. Sessions*, 866 F.3d 986, 990 (9th Cir. 2017) (an aggravated felony "may not be accomplished by merely . . . offering delivery" of a controlled substance).

"It will not do for a court to be compelled to guess at the theory underlying the agency's action." *Recinos De Leon*, 400 F.3d at 1189, *quoting SEC v. Chenery Corp.*,

6

332 U.S. 194, 196–97 (1947). Instead, a "court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *INS v. Ventura*, 537 U.S. 12, 16–17 (2002). Accordingly, we remand Espinoza's asylum and withholding of removal claims "because we cannot conduct a meaningful review of the [Board]'s decision on [these] issue[s], where the [Board] failed to provide a reasoned explanation of its decision," *Zhiqiang Hu v. Holder*, 652 F.3d 1011, 1020 (9th Cir. 2011).

In light of this remand order, the fate of Espinoza's asylum and withholding of removal claims is unclear, and a decision by the Board reversing the IJ's denial of either form of relief would obviate the need for the Board or this Court to address Espinoza's request for deferral of removal under the CAT. Accordingly, we do not reach that aspect of the Board's decision as a matter of judicial and administrative economy. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). As a result, we "express no opinion on the treatment [that issue] received in the court below." *Rust v. Johnson*, 597 F.2d 174, 181 (9th Cir. 1979).

**PETITION FOR REVIEW DISMISSED IN PART; GRANTED IN PART; REMANDED.**