NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30082 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-00076-BMM-1 |
| v. | |
| BRANDON LAMONTE SORENSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted March 3, 2020
Portland, Oregon

Before: WOLLMAN,** FERNANDEZ, and PAEZ, Circuit Judges.

Brandon Sorenson appeals his sentence following his guilty plea to being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At

sentencing, the district court increased Sorenson's base offense level by six points

on the basis of his prior conviction under Mont. Code Ann. § 45-9-101(1) for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Roger L. Wollman, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

distribution of dangerous drugs. The district court determined that the Montana drug statute was categorically a controlled substance offense as defined in U.S.S.G. § 4B1.2. Sorenson objected to the imposition of this enhancement and timely appealed. We have jurisdiction under 18 U.S.C. § 1291 and affirm.

We employ the categorical approach to determine whether a prior conviction counts as a controlled substance offense under the Sentencing Guidelines. *United States v. Lee*, 704 F.3d 785, 788 (9th Cir. 2012). Under this approach, "we look only to the statute of conviction," and "compare the elements of the statutory definition of the crime of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition." *United States v. Simmons*, 782 F.3d 510, 513 (9th Cir. 2015) (citing *Lee*, 704 F.3d at 788).

We recently considered whether Or. Rev. Stat. § 475.890, which is analogous to Mont. Code. Ann. § 45-9-101(1), qualified as a controlled substance offense under U.S.S.G. § 4B1.2. *See United States v. Crum*, 934 F.3d 963 (9th Cir. 2019). In *Crum*, we held that an Oregon statute criminalizing both solicitation for delivery of methamphetamine and a mere offer to sell methamphetamine is a categorical controlled substance offense. *Id.* at 967. We relied primarily on *United States v. Shumate*, 329 F.3d 1026, 1029–30 (9th Cir. 2003), where we held that the definition of "controlled substance offense" in § 4B1.2 encompasses

2

solicitation offenses.  *Crum*, 934 F.3d at 965.

Sorenson fails to offer any meaningful distinction between the Oregon and Montana statutory schemes.  Oregon law criminalizes "merely offering to deliver controlled substances."  *Sandoval v. Sessions*, 866 F.3d 986, 992 (9th Cir. 2017).  The Montana statute likewise criminalizes "offers to sell, barter, exchange, or give away any dangerous drug[.]"  Mont. Code Ann. § 45-4-101(1).  *Crum*'s holding—that "offering to sell a controlled substance constitutes soliciting delivery of a controlled substance[,]" 934 F.3d at 967—applies here.  Accordingly, the district court did not err in applying the enhancement.

Sorenson's arguments concerning the scope of Application Note 1 to U.S.S.G. § 4B1.2 are similarly foreclosed.  As we stated in *Crum*, we must adhere to circuit precedent approving the challenged Application Note.  *Id.* at 966 (holding that "[w]e are . . . compelled by our court's prior decision in *United States v. Vea-Gonzales*, 999 F.2d 1326 (9th Cir. 1993)" to apply Application Note 1 of U.S.S.G. § 4B1.2).

**AFFIRMED.**

*United States v. Brandon Sorenson*, No. 19-30082
Paez, J., concurring:

I agree with the court that *United States v. Crum* dictates affirmance. 934

F.3d 963 (9th Cir. 2019). I write separately, however, to address two troubling

aspects of this case.

**1.** First, I believe *Crum* was wrongly decided for the reasons outlined in

Judge Watford's dissent. 934 F.3d at 967–68 (Watford, J., dissenting). As Judge

Watford explained, our holding in *United States v. Shumate*, 329 F.3d 1026 (9th

Cir. 2003) did not bind the *Crum* majority to hold that mere offers to sell are

categorically controlled substance offenses. The drug statute at issue in *Shumate*,

Or. Rev. Stat § 475.992, concerned cases in which "a person solicits another to

engage in conduct constituting an element of the crime of delivery, *e.g.*, to provide

to the person a controlled substance for the purpose of distribution to third

parties[.]" 329 F.3d 1026, 1029–30 (9th Cir. 2003) (citing *State v. Sargent*, 110

Or. App. 194, 198, 822 P.2d 726, 728 (1991)). Accordingly, a conviction under

the Oregon statute triggered the Guidelines enhancement because it constituted an

inchoate version of drug possession *with the intent to deliver*, not merely simple

possession. *See* § 4B1.2(b).

In contrast, the Mont. Code Ann. § 45-9-101(1), which is at issue here,

criminalizes all "offers to sell, barter, exchange, or give away" drugs. Assuming

for purposes of argument that such an "offer" is a form of solicitation, it does not

1

appear to be analogous to the solicitation addressed in *Shumate*. Unlike the Oregon statute, there is no indication that the Montana statute requires any intent that the recipient possess the drugs "for the purpose of distribution to third parties[.]" *Sargent*, 110 Or. App. at 198. Consequently, an offer-to-sell violation of § 45-9-101 does not categorically involve the solicitation of a controlled substance offense under U.S.S.G. § 4B1.2 because it encompasses solicitation offenses consisting of simple possession.

Were it not for *Crum*, I would be inclined to grant Sorenson relief on this ground. However, the *Crum* majority rejected this same argument, reasoning that *Sandoval v. Sessions*, 866 F.3d 986 (9th Cir. 2017) foreclosed it. *Crum*, 934 F.3d at 967. *Sandoval*, in my judgment, erred in equating "[a] mere offer to deliver a controlled substance" with "the act of soliciting delivery[.]" 866 F.3d at 991. Despite my concerns, we must follow *Crum* and reject Sorenson's argument.

**2.** Second, I believe the commentary in Application Note 1 to § 4B1.2 impermissibly expands the scope of the Guideline's text. I agree with the *Crum* majority that Application Note 1 errs in sweeping in "other offenses not listed in the text of that guideline." 934 F.3d at 966. The court should go en banc so that we can reconsider our holding in *United States v. Vea-Gonzales*, 999 F.2d 1326, 1330 (9th Cir. 1993) and "follow the Sixth and D.C. Circuits' lead" in rejecting such an unwarranted expansion. *Id.* (citing *United States v. Havis*, 927 F.3d 382,

2

386–87 (6th Cir. 2019) (en banc) and *United States v. Winstead*, 890 F.3d 1082, 1090–92 (D.C. Cir. 2018)).