582 June 10, 2026 No. 544

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TENNISHA Q. BOURNE,
*Defendant-Appellant.*

Linn County Circuit Court
21CR34334; A185319

Brendan J. Kane, Judge.

Submitted May 21, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for one count of second-degree murder (ORS 163.115), which merged with one count of conspiracy (ORS 161.450). On appeal, in two assignments of error, she argues that the trial court erred when it denied her motions for judgment of acquittal on each charge. The state argues that defendant failed to preserve her assignment of error that relates to her second-degree murder conviction and that the trial court did not err in denying defendant's motion for judgment of acquittal on the conspiracy charge because the state presented sufficient evidence for the conviction.

We do not need to resolve the question of preservation, because neither of defendant's assignments of error provide a basis for relief. When considering a trial court's denial of a motion for judgment of acquittal, we view the evidence in the "light most favorable to the state to determine if the state presented sufficient evidence from which a rational trier of fact, making reasonable inferences, could find the essential elements of the crime beyond a reasonable doubt." *State v. Hedgpeth*, 365 Or 724, 730, 452 P3d 948 (2019) (internal quotation marks omitted).

The victim in this case, C, died after R, the father of defendant's child, fired a gun through the wall and window of the C's house. Prior to his death, C and defendant had been involved in a tumultuous off-and-on relationship. The state charged defendant as an accomplice to murder. A person can be criminally liable for the acts of another if, "[w]ith the intent to promote or facilitate the commission of the crime," the person "[a]ids or abets or attempts to aid or abet [the principal] in planning or committing the crime[.]" ORS 161.155(2)(b). Mere presence alone is not sufficient for criminal liability; instead, the state must present evidence of "some act shown to have been done by the accomplice" even though the "least degree of concert or collusion between accomplices suffices." *State ex rel Juv. Dept. v. Holloway*, 102 Or App 553, 557-58, 795 P2d 589 (1990). Second-degree murder requires the state to prove that the defendant intentionally caused the death of another human being. ORS 163.005(1); ORS 163.115(1)(a).

The record here demonstrates that defendant's actions went beyond her "mere presence" when R shot into C's house. Defendant convinced R that C was sexually abusing their child, even though the bulk of the evidence suggested that that was not true, and her conduct caused R to come from out of town to pick her up and drive with her to C's home. When there, defendant actively concealed her identity from cameras that were present and pointed out C's window to R while R was holding a gun. Defendant also made inculpatory statements about her level of involvement in the planning and execution of the shooting. Considering the evidence in the light most favorable to the state, including reasonable inferences that can be drawn from the evidence, there was sufficient evidence to support defendant's conviction for second-degree murder as an accomplice.[1]

Affirmed.

---

[1] Because the trial court merged the count of conspiracy with the second-degree murder conviction, we need not address defendant's separate assignment of error that the court erroneously denied her motion for a judgment of acquittal on the conspiracy charge. *See State v. Lawrence*, 231 Or App 1, 3 n 1, 217 P3d 1084 (2009), *rev den*, 347 Or 533 (2020).